IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVERT HEALTH LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-00110 |
| FOUR LEAF LIQUIDATORS LLC, | ) Judge Eli J. Richardson |
| Defendant. | ) Magistrate Judge Jeffrey S. Frensley |

## ENTRY OF DEFAULT

Pending is Plaintiff's Amended Motion for Entry of Default against Defendant Four Leaf Liquidators LLC pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 14). For the following reasons, the Plaintiffs' Motion for Entry of Default is **GRANTED**. To the extent Plaintiff seeks an award of damages at this phase, Plaintiff's Motion is **DENIED**.

On February 6, 2023, Plaintiff filed its Complaint against Defendant. (Doc. No. 1). Summons was issued as to Defendant on February 7, 2023. (Doc. No. 6). On March 1, 2023, Plaintiff filed an Affidavit of Service executed by process server, John Miller. (Doc. No. 8). Miller avers that declares that David Langenfeld, a person authorized to accept service, was personally served with the Summons and Complaint on February 9, 2023. (Doc. No. 8 at PageID #137). An independent review of the Ohio Secretary of State information reveals that Mr. Langenfeld is Defendant's registered agent for service of process.[1] Plaintiff filed two Motions for Default

---

[1] https://businesssearch.ohiosos.gov/ (last accessed May 1, 2023).

1

Judgment on April 6, 2023, (Doc. Nos. 12 and 13) before filing the pending Motion for Entry of Default on April 7, 2023.

Pursuant to Local Rule 55.01, motions for entry of default against legal entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service, and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. In support of their Motion, Plaintiff relies upon the Affidavit of Cheshire Rigler. (Doc. No. 14 at PageID # 161).

As confirmed by Miller and Rigler in their Affidavits, Defendant's registered agent for service of process was personally served with process on February 9, 2023. (Doc. Nos. 8 and 14). Further, Rigler confirms that Defendant has not entered an appearance or otherwise defended this action.

Plaintiff has satisfied its obligation under Rule 55(a) and Local Rule 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Plaintiff's Request for Entry of Default against Four Leaf Liquidators LLC, (Doc. No. 14), is **GRANTED**. To the extent Plaintiff's Motion seeks an award of damages at this phase, Plaintiff's Motion is **DENIED** without prejudice to filing a properly supported Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). A plaintiff must fulfill the procedural requirements of Fed. R. Civ. P. 55(a) and seek an entry of default prior to seeking a default judgment pursuant to Fed. R. Civ. P. 55(b). See Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citations omitted).

Finally, Plaintiff's previously filed Motions for Default Judgment, (Doc. Nos. 12 and 13) are **DENIED AS MOOT** and shall be terminated.

s/ Lynda M. Hill  
Lynda Motes Hill  
Clerk of Court