IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVERT HEALTH, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOUR LEAF LIQUIDATORS, LLC, )<br>)<br>Defendant. )<br>)<br>) | NO. 3:23-cv-00110<br>JUDGE RICHARDSON |

## JUDGMENT BY DEFAULT

Via a Memorandum Opinion (Doc. No. 24) and Order (Doc. No. 25) addressing Plaintiff's motion for a default judgment (Doc. No. 17), the Court previously granted Plaintiff both default judgment as to liability and the permanent injunctive relief Plaintiff had requested but ordered additional briefing on the issue of damages. After Plaintiff had submitted additional briefing regarding the damages to be awarded, the Court scheduled a hearing on Plaintiff's request for damages. (Doc. No. 29). At the scheduled hearing on April 16, 2024, Plaintiff (through its company representative and legal counsel) made an appearance and presented evidence and argument in favor of its request for an award of damages.[1] As it stated at the hearing, the Court awards judgment in favor of Plaintiff in the amount of $600,000 (treble damages on the $200,000 reasonably certain and, if anything, conservative estimate of Defendant's profits).[2]

---

[1] Not surprisingly, Defendant (which had defaulted) did not appear at the hearing.

[2] Plaintiff previously had requested $1,200,000, (Doc. No. 26 at 2), but at the hearing Plaintiff agreed with the Court that the correct figure under Plaintiff's own theory actually is $600,000.

Plaintiff previously was awarded prejudgment interest in an amount to be determined, (Doc. No. 25 at 1), and was directed at the April 17 hearing to file a notice stating its proposed figure at to the amount of prejudgment interest. Plaintiff filed its notice (Doc. No. 33) later the same day, justifying prejudgment interest in an amount of $57,336.99 to be added to the amount of the judgment by default in favor of Plaintiff.

Accordingly, Plaintiff is awarded judgment in the total amount of **$657,336.99**. The Clerk of the Court is **DIRECTED** to enter final judgment under Federal Rule of Civil Procedure 58 and close the file. Notwithstanding the closing of the file, Plaintiff may file a motion for attorney's fees under and in conformity with Fed. R. Civ. P. 54(d)(2) and LR54.01(b).

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE